IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT K. DECKER, #51719-074,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00233-JPG |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Robert Decker, an inmate who is in the custody of the Federal Bureau of Prisons ("BOP") and currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana ("FCI-Terre Haute"), filed this action for alleged violations of his constitutional rights by persons acting under color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In his Complaint, Plaintiff challenges his public safety factor designation and custody classification. (Doc. 3, p. 3). He seeks correction of both. (*Id*.).

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 3): The BOP allegedly denied Plaintiff due process of law by wrongfully assigning him a public safety factor ("PSF")

1

designation based on a presentence report ("PSR") that erroneously disclosed an arrest or conviction for enticement of a child/relative under the age of sixteen and second degree harassment or physical contact. (*Id*. at p. 3). Plaintiff maintains that he was actually arrested for second degree custodial interference. (*Id*.). As a result of this error in his PSR, Plaintiff's custody classification included a PSF designation that limits his range of safe housing options and prevents his smooth reintegration into society. (*Id*.). When Plaintiff notified his unit teams at FCI-Terre Haute and the United States Penitentiary at Marion, Illinois ("USP-Marion") of these errors, they took no action to correct his PSF or custody classifications. (*Id*.).

Based on the allegations summarized above, the Court finds it convenient to designate a single count in this *pro se* action:

**Count 1:** Defendant denied Plaintiff due process of law in connection with his PSF designation and custody classification.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim encompassed by the allegations in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Complaint does not survive screening. Liability under *Bivens* hinges on personal responsibility for a constitutional violation. *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994). In other words, "an individual defendant must have caused or participated in a constitutional deprivation." *Id*. Plaintiff does not name an individual defendant in the Complaint. He names the BOP as the only defendant. However, the BOP is not a person and is also not a

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

proper defendant under *Bivens*. *See Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1860 (2017) (*Bivens* claim is brought against the individual official for his or her own acts and not the acts of others); *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996) ("[T]he point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States."). Count 1 cannot proceed against the BOP and shall be dismissed without prejudice.

In Plaintiff's proposed First Amended Complaint, he identifies the Department of Justice, United States Attorney General, and Acting BOP Director as defendants. However, he does not mention any of these individuals in the statement of his claim. He still refers to the BOP. While it is true that he occasionally refers to "Defendants" as a group, Plaintiff's use of vague phrasing to identify the defendants is insufficient to connect specific individuals to illegal acts, even at this early stage. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (citation omitted) (rejecting the use of "vague phrasing" to connect defendants to specific acts of misconduct). The First Amended Complaint presents essentially the same problem as the original Complaint.

Plaintiff's proposed Second and Third Amended Complaints pose a different problem. In both, Plaintiff omits all references to Count 1. He focuses on an entirely new due process claim. Plaintiff challenges the BOP's practice of changing disciplinary rules and regulations without first publishing them for comment by the public or inmate population. The Court cannot discern whether Plaintiff intended to abandon Count 1 by omission or simply add this claim to his prior complaint(s). Plaintiff must clear up this issue before the Court can proceed with its Section 1915A review of this matter.

He may do so by filing an Amended Complaint that sets forth all claims he intends to pursue in this action. The Court does not accept piecemeal amendments. An amended complaint

3

supersedes and replaces all prior versions of the complaint and renders them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, Plaintiff's Amended Complaint must stand on its own without reference to any prior pleading. Until Plaintiff files an amended complaint that comports with these requirements, the Court cannot determine which claims form the basis of this action and screen them under Section 1915A.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 3), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff's Motions for Leave to Amend Complaint (Docs. 11, 17, 18) are **DENIED**. Plaintiff's Motion for Change of Venue (Doc. 12) is **DENIED** without prejudice; he may reinstate this request by filing a separate motion with his Amended Complaint. Plaintiff's Motion for Status (Doc. 16) is **DISMISSED** as being **MOOT**, in light of this Order.

Plaintiff is **GRANTED** leave to file an "Amended Complaint" on or before **January 13, 2020.** Should Plaintiff fail to file his Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Amended Complaint," and he should use the case number for this action (No. 19-cv-00233-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

As previously explained, an amended complaint supersedes and replaces all prior versions of the complaint and renders them void.  *See Flannery*, 354 F.3d at 638 n. 1.  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/16/2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**