**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT K. DECKER, #51719-074,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00233-JPG** |
| | ) | |
| **WILLIAM BARR,** | ) | |
| **KATHALEEN HAWK-SAWYER,** | ) | |
| **J. E. KRUEGER,** | ) | |
| **WARDEN TRUE,** | ) | |
| **B. LAMMER, and** | ) | |
| **KATHERINE SIREVELD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is now before the Court for review of the Fourth Amended Complaint (Doc. 25) filed by Robert Decker.  Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana (FCI-Terre Haute).  In the Amended Complaint, Plaintiff brings a single claim pursuant to the Administrative Procedures Act (APA) against BOP officials for denying him access to the *Federal Register* at FCI-Terre Haute and the United States Penitentiary in Marion, Illinois (USP-Marion).  *See* 5 U.S.C. §§ 551-59, 701-06.  He seeks declaratory judgment, money damages, and an order compelling the BOP to provide inmates with the publication.

The Amended Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant

1

who is immune from such relief.  28 U.S.C. § 1915A(b).  The factual allegations are liberally

construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

<u>**Amended Complaint**</u>

Plaintiff makes the following allegations in his Amended Complaint (Docs. 25 and 25-1):

Since 2010 when the BOP began subscribing to LexisNexis for online legal research, BOP inmates

have been denied access to the *Federal Register*, the official daily publication for Federal

government rules, proposed rules, notices, and executive orders.[1]  (Doc. 25, pp. 1-26).  Plaintiff

complains that BOP inmates are unable to offer comments on proposed legislation as a result of

this deprivation.  (*Id.*).  He maintains that this violates his rights under the First, Fifth, and

Fourteenth Amendments, and he seeks an Order requiring the BOP to provide inmates with access

to the *Federal Register*.  (*Id.*).

Based on the allegations summarized above, the Court finds it convenient to designate a

single count in the *pro se* Amended Complaint:

> **Count 1:**   APA claim against Defendants for denying BOP inmates access to the
> *Federal Register* in violation of their rights under the First, Fifth, and
> Fourteenth Amendments.

**Any other claim raised in the Amended Complaint but not addressed herein is considered**

**dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550**

**U.S. 544, 570 (2007).**

<u>**Discussion**</u>

Plaintiff's claim against BOP officials for violating his rights under the APA and the U.S.

Constitution is frivolous and meritless.  Allegations in a complaint are "factually frivolous" when

they are "clearly baseless," "irrational," or "wholly incredible."  *Felton v. City of Chicago*, 827

---

[1] *See* https://www.archives.gov/about/regulations/faqs.html (last visited April 23, 2020).

F.3d 632, 635 (7th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).  A claim is considered legally frivolous when it is "based on an indisputably meritless legal theory."  *Felton*, 827 F.3d at 635 (citing *Neitzke*, 490 U.S. at 327-28).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

The APA requires federal agencies to publish general notice of proposed rule changes in the *Federal Register* and solicit comments.  *See* 5 U.S.C. § 553(b), (c).  Plaintiff asserts a claim against BOP officials for failing to provide him with a hard copy of the *Federal Register* and online access to the publication via LexisNexis at FCI-Terre Haute and USP-Marion dating back to 2010. (Doc. 25).  Plaintiff names BOP officials as the only defendants.  However, he makes no claim that the BOP failed to comply with the notice or comment requirements set forth in Section 553. Plaintiff also makes no claim that he was personally denied notice of any particular BOP rule change.  (*Id.*).

Rule changes proposed by other agencies give rise to no APA claim against the BOP or its officials.  *See* 5 U.S.C. §§ 551-53.  The APA does not require one agency to give notice of a rule change proposed by another agency because "notice by the promulgating agency suffices."  *See Thelen v. Cross*, 656 F. App'x 758, 780 (7th Cir. 2016) (citing 5 U.S.C. §§ 551-53).  Therefore, Plaintiff cannot pursue an APA claim against BOP officials for failing to comply with Section 553 in connection with any non-BOP agency rule.  *See Thelen*, 656 F. App'x at 780 (citing *Veluchamy v. F.D.I.C.*, 706 F.3d 810, 815 (7th Cir. 2013); *City of Evansville, Ind. v. Kentucky Liquid Recycling, Inc.*, 604 F.2d 1008, 1014 (7th Cir. 1979)).  He also cannot use the APA to obtain monetary relief against a BOP official.  *Id.* (citing 5 U.S.C. § 702).

Further, Plaintiff's lack of access to a hard copy of the *Federal Register* or online access via LexisNexis states no claim under the First, Fifth, or Fourteenth Amendments.  In response to his grievance and appeal regarding this matter, the BOP explained that Plaintiff does, in fact, have access to this information--in other forms:

```
We have reviewed documentation relevant to your appeal and, based
on our findings, concur with the manner in which the Warden and
Regional Director responded to your concerns at the time of your
Request for Administrative Remedy and subsequent appeal. Pursuant
to Program Statement 1315.07, Inmate Legal Activities, inmates are
provided with library materials through print libraries and the
Electronic Law Library (ELL).  The Federal Register is not available
in the ELL; however, the Code of Federal Regulations, which contains
the final, currently-effective regulations, is available in the ELL
to all inmates.  Also, the Electronic Bulletin Board contains the
Bureau of Prisons (BOP) proposed regulations which are published in
the Federal Register for public comment.  Inmates may send comments
if they wish.  Further, when the BOP finalizes the draft regulations,
the finalized documents are published in the Federal Register and
again posted on the Electronic Bulletin Board.

Accordingly, this response is for informational purposes only.
```

(Doc. 25-1, p. 13).  As stated above, Plaintiff may use the Electronic Law Library (ELL) and its Electronic Bulletin Board to review proposed BOP regulations published in the *Federal Register*, and he may send comments regarding the same.  (*Id*.).  Plaintiff may also use the ELL to access final published regulations, currently in effect, in the *Code of Federal Regulations*.  (*Id*.).  He sets forth no allegations to the contrary.  (*See* Docs. 25 and 25-1).  Plaintiff suffered no violation of his freedom of speech or right to due process.  This Court and the Seventh Circuit Court of Appeals have rejected virtually identical claims brought by BOP inmates pursuant to the APA and *Bivens*.[2] *See Thelen v. Cross*, 656 F. App'x 758, 780 (7th Cir. 2016); *Thelen v. Cross*, No. 15-cv-00116-

---

[2] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

MJR, 2015 WL 1042576 (S.D. Ill. 2015) (APA claim based on denial of access to *Federal Register* dismissed with prejudice at screening under Section 1915A). Consistent with this precedent, Count 1 shall be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that this action, including the Fourth Amended Complaint (Doc. 25) and Count 1, are **DISMISSED** with prejudice as being frivolous and meritless. Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable unless already paid in full. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/23/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

5