**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604



Submitted March 24, 2021[*]
Decided March 29, 2021

**Before**

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1890

| | |
|---|---|
| ROBERT K. DECKER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| v. | No. 19-cv-00233-JPG |
| MERRICK B. GARLAND, Attorney General of the United States, et al., *Defendants-Appellees*. | J. Phil Gilbert, *Judge*. |

## O R D E R

Robert Decker, a federal prisoner, appeals from the district court's dismissal of his complaint at screening. *See* 28 U.S.C. § 1915A. Decker filed suit in the district court raising claims that the Bureau of Prisons and prison officials violated the Administrative Procedure Act and his rights under the First, Fifth, and Fourteenth

---

[*] We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 20-1890 Page 2

Amendments by: (1) not providing him access to the Bureau of Prison's proposed rule changes, thereby depriving him of the chance to engage in public comment on the Bureau's proposed rulemaking; and (2) not providing access to the Federal Register, which deprived him of the opportunity to engage in public comment on proposed rulemaking by other agencies.

At screening, the district court concluded that Decker's Administrative Procedure Act claim failed because the Bureau of Prisons had no duty to give notice of rule changes proposed by other agencies and it provided a chance for comment on its own proposed changes. In reaching that conclusion, the court relied on the Bureau's response to one of Decker's administrative complaints. The response stated that inmates had access to proposed Bureau of Prison rule changes, but Decker directly disputed that representation in his complaint. With respect to Decker's claim that lack of access to the Federal Register violated his rights to freedom of speech and due process, the district court concluded he had no claim because he had access to the same information in "other forms," relying on an unpublished case from this circuit, *Thelen v. Cross*, 656 F. App'x 778, 780 (7th Cir. 2016). The district court dismissed Decker's complaint with prejudice and assessed a strike under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

We granted Decker's motion for leave to appeal in forma pauperis, recruited counsel to represent him in this appeal, and invited the appellees to participate since they were not served with process in the district court. Recruited counsel filed Decker's opening brief on January 26, 2021, arguing that the district court erred in dismissing the case at screening because it improperly relied on factual assertions made by the Bureau of Prisons, even though Decker disputed those assertions in his complaint. Decker also asserted that the court erred in concluding the Bureau of Prisons has no duty to provide access to the Federal Register and in concluding Decker had access to the same information "in other forms." On February 23, the appellees notified this court that they would not be filing a response brief and that they agree with Decker that dismissal at screening was premature, that the district court improperly resolved a factual dispute in their favor, and that Decker's case should be remanded. In response, Decker concurred that a remand for further proceedings would be appropriate.

We also conclude that remand is appropriate. The district court erred by resolving a factual dispute in favor of the appellees at screening; specifically, whether the Bureau of Prisons provides prisoners with access to its proposed rulemaking. *See, e.g., Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (PLRA screening

No. 20-1890 Page 3

"cannot serve as a factfinding process for the resolution of disputed facts"). Further, the Bureau's response attached to Decker's complaint did not state that prisoners have access to proposed rulemaking by other agencies—only that they have access to final rules—and therefore it did not provide a basis for dismissing Decker's broader claims based on lack of access to the Federal Register. Because the district court's dismissal at this phase was in error, the record should be corrected to show that Decker did not incur a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Hughes v. Farris*, 809 F.3d 330, 335 (7th Cir. 2015).

Accordingly, the district court's order and judgment dismissing the case are VACATED and this case is REMANDED to the district court for further proceedings consistent with this order.