IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT K. DECKER, #51719-074, ) | |
|   ) | |
|     Plaintiff, ) | |
|   ) | |
| vs.   ) | Case No. 19-cv-00233-JPG |
|   ) | |
| MERRICK B. GARLAND,[1] ) | |
| KATHALEEN HAWK-SAWYER, ) | |
| J. E. KRUEGER, ) | |
| WARDEN TRUE, ) | |
| B. LAMMER, and ) | |
| KATHERINE SIREVELD, ) | |
|   ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is on remand from the United States Seventh Circuit Court of Appeals. *See Decker v. Merrick Garland, et al.*, 841 F. App'x 1011 (7th Cir. March 29, 2021). In his Fourth Amended Complaint, Plaintiff brought claims against Federal Bureau of Prison ("BOP") officials for violating the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551-59, 701-06. (Doc. 25). Plaintiff specifically asserts that Defendants violated his rights under the First, Fifth, and Fourteenth Amendments by: (1) denying him access to the BOP's proposed rule changes and thereby depriving him of the opportunity to engage in public comment on the BOP's proposed rulemaking; and (2) denying him access to the *Federal Register* at the Federal Correctional Institution in Terre Haute, Indiana (FCI-Terre Haute), and the United States Penitentiary in Marion, Illinois (USP-Marion), and thereby depriving him of the chance to engage in public

---

[1] Merrick B. Garland was substituted in place of William Barr while this matter was on appeal. The Clerk's Office shall be **DIRECTED** to **ADD** Merrick B. Garland as a defendant and **TERMINATE** William Barr as a defendant in CM/ECF.

1

comment on proposed rulemaking by other agencies. *See* 5 U.S.C. §§ 551-59, 701-06. This Court dismissed the action with prejudice at screening and assessed a "strike" against Plaintiff under 28 U.S.C. § 1915(g). Plaintiff appealed, and the Seventh Circuit reversed this decision after finding that dismissal of Plaintiff's claim at screening was premature. The matter was remanded to the district court for further proceedings. (*See* Doc. 44).

Consistent with the Seventh Circuit's Order, this Court designates the following two counts in the Fourth Amended Complaint:

**Count 1:**   APA claim against Defendants for denying Plaintiff access to the BOP's proposed rule changes and thereby depriving him of the opportunity to engage in public comment on the BOP's proposed rulemaking; and

**Count 2:**   APA claim against Defendants for denying Plaintiff access to the *Federal Register* and thereby depriving him of the opportunity to engage in public comment on proposed rulemaking by other agencies, in violation of his rights under the First, Fifth, and/or Fourteenth Amendments.

(*See* Doc. 44-1). These claims shall receive further review against the defendants at this time.

In light of the Seventh Circuit's Order remanding the case, service will be ordered on all Defendants. The Court notes that under the APA, money damages are not available. However, the APA provides for prospective injunctive relief. *See* 5 U.S.C. § 702; *Veluchamy v. FDIC*, 706 F.3d 810, 812 (7th Cir. 2013) (APA authorizes injunctive relief and not money damages). Additionally, the proper defendant for an APA claim is generally the Federal Bureau of Prisons. *White v. Henman*, 977 F.2d 292, 293 (7th Cir. 1992) (BOP appropriate defendant for APA claim). *See also, White v. True*, App. No. 20-1619 (7th Cir. Oct. 26, 2020); *White v. Sloop*, 772 F. App'x 334 (7th Cir. 2019). Plaintiff omitted the BOP from the list of defendants in his Fourth Amended Complaint, but he named Kathaleen Hawk-Sawyer (*i.e.*, the BOP Director) and the other Defendants in their official capacities. Therefore, Counts 1 and 2 shall proceed against all Defendants in their official capacities only.

## Disposition

**IT IS HEREBY ORDERED** that, pursuant to the Seventh Circuit Court of Appeals' Order vacating the Order Dismissing Case (Doc. 26) and Judgment (Doc. 27) at Document 44 and remanding the matter for further proceedings:

- the record shall reflect that Plaintiff's "strike" entered pursuant to 28 U.S.C. § 1915(g) is **VACATED**. The Clerk's Office is **DIRECTED** to **REMOVE** this strike from the record; and

- the Fourth Amended Complaint (Doc. 25) survives screening under 28 U.S.C. § 1915(g). **COUNTS 1** and **2** shall receive further review against **ALL DEFENDANTS** in their official capacities. All individual capacity claims for money damages are **DISMISSED without prejudice**.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Fourth Amended Complaint (Doc. 25) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

The Clerk's Office is **DIRECTED** to **ADD** Merrick B. Garland and **TERMINATE** William Barr as a defendant in CM/ECF.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Scheduling Order (Doc. 45) is **DISMISSED** as premature. Defendants have not yet been served with this lawsuit or filed an answer or other response to the Fourth Amended Complaint. The Court will enter a Scheduling and Discovery Order, in the normal course of proceedings, at the appropriate time.

With regard to Counts 1 and 2, the Court hereby **DIRECTS** the Clerk of Court to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on **ALL DEFENDANTS**; the Clerk shall issue the completed summons. The United States Marshals **SHALL** serve Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified

mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Fourth Amended Complaint (Doc. 25), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Fourth Amended Complaint (Doc. 25), and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 6/8/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
