IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT K. DECKER, 51719-074,** )<br> )<br>      **Plaintiff,** )<br> )<br>vs. )<br> )<br>**J. E. KRUEGER,** )<br>**B. LAMMER,** )<br>**KATHERINE SIREVELD,** )<br>**MERRICK B. GARLAND,** )<br>**MICHAEL CARVAJAL,** )<br>**and WARDEN SPROUL,** )<br> )<br>      **Defendants.** ) | Case No. 19-cv-00233-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff Robert Decker's Motions to Change Venue. (Docs. 50 and 63). Decker brings this action pursuant to the Administrative Procedures Act ("APA") for the denial of access to the *Federal Register* while he was in the custody of the Federal Bureau of Prisons ("BOP"). (Doc. 1). At the time he filed this lawsuit in February 2019, Decker was incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"), and he has since transferred to the Federal Correctional Institution in Terre Haute, Indiana ("FCI-Terre Haute"). He asks that venue be transferred to the federal judicial district where he is now incarcerated, *i.e.*, the Southern District of Indiana. For the reasons set forth herein, both motions shall be **DENIED**.

1

**Discussion**

An APA claim may be brought in "a court of competent jurisdiction." *See* 5 U.S.C. § 703. General venue requirements apply to these claims. *Billiteri v. United States Board of Parole*, 385 F. Supp. 1217, 1218-19 (W.D.N.Y. 1974). Venue for a federal civil action against a federal officer or a federal agency is governed by 28 U.S.C. § 1391(e). Such actions may be brought in any judicial district in which: (A) a defendant in the action resides; (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides, if no real property is involved in the action.[1] 28 U.S.C. § 1391(e)(1). The district court may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a).

When considering the residence of the parties in this case, venue is proper in three different federal judicial districts. Plaintiff was housed at USP-Marion in this federal judicial district when he filed the action, and he is now housed at FCI-Terre Haute in the Southern District of Indiana. Defendants are employed and perform their official duties in the Southern District of Illinois, the Southern District of Indiana, and the District of Columbia. *See Reuben H. Donnelley Corp. v. Federal Trade Commission*, 580 F.2d 264, 266 n.3 (7th Cir. 1978) ("The residence of a federal officer has always been determined by the place where he performs his official duties."). The action could have been brought in any one of these federal judicial districts.

The events giving rise to this suit occurred at USP-Marion, located in the Southern District of Illinois, and at FCI-Terre Haute, located in the Southern District of Indiana. Plaintiff challenges his access to the *Federal Register* and proposed rule changes while housed at both facilities.

---

[1] This action involves no real property.

However, decisions regarding access to the *Federal Register* are purportedly made at the federal level and not the institutional level. Moreover, the APA claims have been allowed to proceed against all defendants in their official capacities only. Therefore, this case will not involve extensive discovery, fact witnesses, depositions, or even a trial that would be more convenient in the forum where the plaintiff is now housed. This case will likely be resolved following the exchange of documents, the filing of dispositive motions, and, if necessary, a hearing that can be conducted via videoconference. And, given that Decker initiated the action in this federal judicial district in 2019 and the case has remained here ever since, the Court deems it most appropriate, convenient, and expedient to address the matter in the Southern District of Illinois.

## Disposition

For the reasons set forth above, Plaintiff Robert Decker's Motions to Change Venue (Docs. 50 and 63) are **DENIED**.

**IT IS SO ORDERED**.

**DATED: 11/18/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**