UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT DECKER,

    Plaintiff,

v.

MERRICK B. GARLAND, WARDEN SPROUL,
ANDRE MATEVOUSIAN, MICHAEL
CARVAJAL, WARDEN RULE, and
KATHERINE SIREVELD,

    Defendants.

Case No. 19-cv-233-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of a Motion for Summary Judgment filed by Defendants, in their official capacities Katherine Sireveld, Merrick B. Garland, Michael Carvajal, Warden Sproul, Andre Matevousian, and Warden Rule (collectively, "Defendants") (Doc 98). Plaintiff Robert Decker ("Plaintiff" or "Decker"), proceeding *pro se* opposes the motion.[1] (Doc. 107). Defendants have filed a reply. (Doc. 110). For the reasons set forth below, the motion shall be **GRANTED**.

### BACKGROUND

Decker, proceeding *pro se*, filed this suit under the Administrative Procedures Act ("APA") 5 U.S.C. §§ 551-59, 701-06. On February 22, 2019, Decker filed this action against certain defendants. After dismissing the case, on remand from the Seventh Circuit Court of Appeals, the Court reconsidered the case consistent with the Seventh Circuit's Order. (Doc. 46). Therefore, the

---

[1] While Decker's response was not timely, he contemporaneously filed a motion for extension of time because he did not receive the motion until December 8, 2022, which the Court will accept and consider his response to Defendants' Motion for Summary Judgment on the merits.

1

Court designated the following two counts in Decker's Fourth Amended Complaint. In the first count, Decker alleges BOP officials violated the APA by denying Plaintiff access to BOP's proposed regulatory rule changes and thereby depriving him of the opportunity to engage in public comment of the BOP's proposed rulemaking. *Id*. at 2. Second, he alleges Defendants violated his First, Fifth, and/or Fourteenth Amendment rights by denying Plaintiff access to the Federal Register, thereby depriving him of the opportunity to engage in public comment on proposed rulemaking by other agencies. *Id*.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants argue that Decker cannot recover on his claims because there is no genuine material dispute over the fact Decker has access to the BOP's proposed rules and regulations via inmate electronic bulletin board, and that BOP's decision not to publish the complete Federal Register for every inmate does not violate Decker's constitutional rights. (Doc. 98).

### PLAINTIFF'S RESPONSE

Decker responds and states Defendants have acted in an arbitrary and capricious manner in making the Federal Register unavailable to the inmate population. Decker argues that he has a liberty interest, and is being deprived by not providing the Federal Register "in real time."

### FACTS

Decker is a federal inmate currently incarcerated at a federal prison in Marion, Illinois ("Marion, USP"). He is set to be released on April 2, 2027. https://www.bop.gov/inmateloc/ (last visited March 14, 2023). On February 14, 2017, Robert Decker was sentenced to 140 months imprisonment for violation of 21 U.S.C. § 846 (conspiracy to distribute a mixture of a detectable amount of hydromorphone, hydrocodone, and oxycodone; and 18 U.S.C. § 1956 (conspiracy to commit money laundering).

This case involves the Federal Register, a publication of the federal government containing "current Presidential proclamations and Executive orders, Federal agency regulations having general applicability and legal effect, proposed agency rules, and documents required by statute to be published." Federal Register Office, https://www.federalregister.gov/agencies/ federal-register-office (last visited March 14, 2023).[2] The Federal Register is updated each work day. *Id*. Defendants submit the affidavit of Sarah Qureshi, a Supervisory Attorney in the Bureau of Prisons ("BOP") Program Review Division. (Doc. 98-1 at ¶ 1). From September 1999 to April 2022, Qureshi was Associate General Counsel in the Legislative and Correctional Issues Branch of BOP's Office of General Counsel where she was responsible for BOP regulatory development. *Id*.

According to Qureshi, the BOP allows inmates access written materials maintained in the electronic law libraries to assist in preparation for legal defense in criminal cases. *Id*. at ¶ 4. BOP Program Statement 1351.07 states that Federal Register documents (final rules, proposed rules, interim rules, and certain notices) *pertaining to the BOP* are maintained in the institution's inmate law libraries. The Federal Register "promulgated" by the BOP are available to inmates via an "electronic bulletin board," which is a computer-based system in the electronic law library available to all BOP inmates. *Id*. at ¶¶ 5-6. This bulletin board system has been in place since 2012. *Id*. at ¶ 8.

There are a relatively low number of BOP documents published in the Federal Register, i.e., between September 2012 and August 2021, there were approximately fourteen proposed BOP regulations, ten final rules, two interim rules, and six notices published in the Federal Register and posted on the electronic bulletin board. *Id*. at ¶ 8.

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of information on a government website.

ANALYSIS

a. Standard

Normally, a district court "shall grant" summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). But in a case involving review of a final agency action under the APA, "summary judgment instead serves as a 'mechanism for deciding, as a matter of law, whether the agency action is ... consistent with the APA standard of review." *Star Way Lines v. Walsh*, 596 F. Supp. 3d 1142, 1149 (N.D. Ill. 2022) (internal citations omitted).

Courts can only set aside an agency decision that is "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence in the case, or not in accordance with law." *Fliger v. Nielsen*, 743 F. App'x 684, 687 (7th Cir. 2018) (*quoting Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 853 (7th Cir. 2009)). Judicial review is "confined to the administrative record." *Little Co. of Mary Hosp.*, 587 F.3d at 856.

So, "[t]o survive summary judgment under the APA, the plaintiffs must point to facts or factual failings in the administrative record that indicate that the [agency's] decision is arbitrary, capricious, an abuse of discretion, [unsupported by substantial evidence,] or otherwise not in accordance with law." *Star Way Lines*, 596 F. Supp. 3d at 1149. "To determine whether an agency's decision was arbitrary or capricious, [courts] ask if it was 'based on a consideration of the relevant factors and whether there has been clear error of judgment.' " *Boutte v. Duncan*, 348 F. App'x 151, 154 (7th Cir. 2009). Even when the agency decision isn't clear, courts will uphold the decision if "the agency's path may be reasonably discerned." *See Boutte*, 348 F. App'x at 154 (quotation marks omitted). In reviewing an agency's decision, courts do not substitute their own judgment for that

of the agency. *Id*.; *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).

Courts must affirm administrative decisions that are supported by "substantial evidence" if there is a "rational connection between the facts found and choice made." *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962); *State Farm*, 463 U.S. at 43, 103 S.Ct. 2856. "Substantial evidence" is merely relevant evidence that a reasonable person might accept as adequate to support a conclusion. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Additionally, because Decker is proceeding *pro se*, the Court construes his filings liberally. *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022).

The Court determines whether there is a material factual dispute as to whether (1) Decker has access to the BOP rules and the ability to publicly comment on them; (2) Defendants violated Decker's constitutional rights for denying him access to the complete Federal Register.

b.  **Whether Decker has access to BOP-Federal Register (Count 1)**

First, Defendants argue that Decker indeed has access to the BOP rules and the ability to publicly comment on them. (Doc. 98 at 6). Defendants indicate that screenshots provided by Qureshi demonstrate that Federal Register documents are made available to the inmate population via electronic bulletin board, which all inmates can access on the same computer used for legal research in the law library. *Id*.; (Doc. 98-1 at ¶ 6). Defendants point to Qureshi's affidavit, who formerly was Associate General Counsel in the Legislative and Correctional Issues Branch at the BOP Office of General Counsel's affidavit, and Electronic Bulletin Board screenshots that show that Federal Register documents pertaining to the BOP are made available through the electronic bulletin board. *Id*.

Decker responds and indicates that the BOP has modified the FSA "repeatedly without seeking comments from the public or the inmate population." (Doc. 107 at 4). Specifically, Decker states that the Defendants have violated the notice and comment requirements of 5 U.S.C. § 553. Section 553 requires agencies to publish proposed rule changes in the Federal Register and solicit comments from the public. In support he attaches a "memo" from the "TRULINCS Bulletin Board" and refers to the Sentencing Guidelines. Specifically, Decker points to a rule in the C.F.R. where the disciplinary hearing officer issues hearing results within ten days from the hearing. (Doc. 107 at 3). Decker argues that this rule was "redacted from the C.F.R. without placing it first in the Federal Register for public comment." *Id*.

First, this argument is not before this Court. What is at issue is Decker's *access* to the BOP-related Federal Register, not a suit against the BOP for modifying rules without seeking public comment. *See also In Re: Answers in Pro Se Prisoner and Detainee Cases Subject to Merit Review*, Administrative Order No. 244 (S.D. Ill. Jun. 10, 2019) (noting that, in *pro se* prisoner cases, the "answer and subsequent pleadings will be to the issues stated in the Merit Review Order"). Defendants argue that Decker has not exhausted this claim related to improper rulemaking. Without reaching the merits of whether the BOP has indeed modified the FSA without seeking comments from the public or inmate population, the Court does not consider this argument because Decker has not exhausted this claim. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In a reply, Defendants additionally argue that Decker has no standing to bring this claim because he must have suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Because Decker has not exhausted this claim, the Court need not address whether Decker has standing to pursue this claim.

However, Decker does not state how or why the memo is relevant in defeating summary judgment on Count 1. Defendants, in their reply, indicate Decker does not provide any "explanation as to the significance of the report, its contents, or how he reached his conclusions regarding the report." (Doc. 110 at n. 2). The Court agrees. It is unclear from reviewing the memo how it demonstrates he has not been able to comment on the FSA, or how it indicates Decker does not have access to BOP-related Federal Register materials.

To the extent that Decker's argument that "rules that are implemented in the BOP are not published in the Federal Register" attempts to respond that he does not have access to the Federal Register, this argument is without basis or evidence. "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Consolino v. Towne*, 872 F.3d 825, 831 (7th Cir. 2017) ("[S]peculation will not defeat a summary judgment motion[.]"). Decker does not provide evidence that disputes Defendants' evidence that the BOP-related Federal Register materials are available to Decker through the electronic bulletin board.

Next, Decker argues that "no BOP related docs published in the Federal Register between 7-20-2016 and 4-30-2018 on the grounds that the BOP were shirking their duties to notify." (Doc. 107 at 6). However, Qureshi and Defendants indicate that there were "no BOP related documents published in the Federal Register between July 20, 2016 and April 30, 2018), (Doc. 98 at n. 2). The Court finds that the affidavit of Qureshi, and screenshots provide show that Decker does have access to the BOP's proposed regulatory rule changes.

### c. Whether Decker Entitled To Relief In Count 2 In Failing To Provide Entire Federal Register

Defendants next argue that they are entitled to summary judgment on Count 2 because failing to provide inmates with a complete up-to-date copy of the entire Federal Register is not arbitrary and capricious, and does not violate Decker's constitutional rights. The Seventh Circuit has been clear – courts cannot substitute its own judgment for that of the agency, and courts will uphold the decision if "the agency's path may be reasonably discerned." *Boutte*, 348 F. App'x at 154.

Defendants argue the APA does not require the BOP to provide Federal Register materials originating from other federal agencies. (Doc. 98 at 7). Defendants point to the Seventh Circuit decision in *Thelen v. Cross*, 656 Fed.Appx. 778 (7th Cir. 2016), where the Seventh Circuit found that the APA "does not obligate one agency [Sentencing Commission] to give notice of the proposed rule changes of another agency [BOP]; notice by the promulgating agency suffices." *Id.* at 780. Decker disagrees that *Thelen* is applicable. He states that it is a *Bivens* case, where plaintiff was seeking money damages, and was "seeking to get out of jail earlier." (Doc. 107 at 6-7). The Court agrees that *Thelen* is an unpublished opinion, and therefore is not mandatory authority. Unpublished opinions are still given persuasive weight. The Court, therefore, will provide Decker all reasonable inferences, and will still evaluate whether a failure to provide the *entire* Federal Register is arbitrary and capricious, and a violation of Decker's constitutional rights.

Defendants argue that Decker's constitutional claims under the APA fail because inmates do not have the same liberties as members of the general public. (Doc. 98 at 8). Defendants argue that Decker's rights may be impinged if the prison action is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To determine reasonableness,

courts consider whether there is a valid, rational connection between the prison's objective and the regulation, whether alternative means of exercising the right are available, whether accommodating the asserted right unduly impacts the prison's resources, and whether obvious, easy alternatives exist to accommodate the prisoner's rights. *Turner*, 482 U.S. at 89–90, 107 S.Ct. 2254. Defendants argue that the BOP's decision to provide inmates with BOP-related Federal Register documents in lieu of providing a "complete up-to-date copy of the entire Federal Register" meets the test laid out in *Turner*.

Specifically, Defendants note that the penological interest in not providing a complete copy of the Federal Register is to avoid burdensome and cost prohibitive actions. They point to Qureshi, who states in her affidavit that it would be "highly impractical and highly burdensome on BOP staffing resources to devote time and expense to post the entire publication electronically on the electronic bulletin board daily." (Doc. 98 at 9). Defendants state that Plaintiff can obtain Federal Register documents on his own from "authorized outside sources." *Id*. Defendants further indicate that Decker's request to provide the Federal Register daily in paper form would "exceed the BOP's limited budget, and to provide a copy electronically would be highly burdensome to BOP staffing." *Id*. at 10.

In response, Decker states that pursuant to *Turner*, denying the Federal Register is not reasonable. (Doc. 107 at 4). Decker states that the BOP should develop the Federal Register on the internet, that the Federal Register could therefore update on its own, and "a program could be developed as in Public Libraries across America." *Id*. Therefore, Decker argues that it "is crucial that the Federal Register availability be implemented in the BOP." TRULINCS[3] can supply the

---

[3] TRULINCS are reports which Defendants attach to their motion. See (Doc. 98-1 at 38-49). The Court is unclear how the references to TRULINCS support Decker's argument, and Decker does not explain. Defendants, in their reply, also indicate Decker does not provide any "explanation as

9

Federal Register and State laws but the BOP arbitrarily and capriciously refuses to supply either." *Id*. at 4-5. Decker suggests that the BOP "solicit the LEXUS NEXUS company to supply the Federal Register and State laws[4]." (Doc. 107 at 5). Decker provides no evidence regarding a design of a program, nor does he have experience in suggesting the costs or expense required to build such a program within the entire Bureau of Prisons system. Decker additionally states that it is unreasonable for Decker to ask people outside of BOP to provide him with Federal Register materials. *Id*. at 7.

Decker's broad and vague suggestions regarding institutional, business, policy, and financial[5] decisions are not sufficient to support, let alone create, an issue of material fact, a finding BOP's actions are arbitrary and capricious. The Court finds that Defendants have a legitimate penological interest in not supplying the complete up-to-date Federal Register to inmates. *See Jackson v. Frank*, 509 F.3d 389, 391 (7th Cir. 2007) (concluding that a prison's economic interest in saving staff resources is legitimate under *Turner*). The directive of this Court is clear - courts do not substitute their own judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n of the U.S.*, 463 U.S. at 43, 103 S.Ct. 2856. Here, the Court finds that Defendants decisions are supported by "substantial evidence" and finds that there is a rational connection between providing only BOP-related Federal Register materials and the choice in not providing a complete copy of the Federal Register to inmates. *State Farm*, 463 U.S. at 43, 103 S.Ct. 2856. A reasonable person may accept

---

to the significance of the report, its contents, or how he reached his conclusions regarding the report." (Doc. 110 at n. 2). The Court agrees.

[4] Decker references his inability to access state law materials while incarcerated multiple times throughout his brief. However, for the same reasons stated above, the Court cannot consider this argument because Decker has failed to exhaust this claim. His claim specifically pertains to Federal Register materials, and not state law materials.

[5] Decker cites a FOIA request that result that states TRULINCS sold from July 1, 2021 to July 31, 2022 amounts to $47,540,005.95. (Doc. 107 at 8). Even giving Decker all reasonable inferences, the Court has nothing in the record determine the budget of the BOP for materials. The Court

Defendants conclusions in limiting the Federal Register to BOP inmates, and therefore the Court finds that Defendants actions are not arbitrary and capricious. *Universal Camera Corp. v. NLRB*, 340 U.S. at, 477, 71 S.Ct. 456. Specifically, the Court defers to the Defendants expertise and professional judgment regarding its penological objectives. *Beard v. Banks*, 548 U.S. 521, ——, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (plurality opinion) (reiterating that "courts owe substantial deference to the professional judgment of prison administrators"); *Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (observing that problems related to prison administration require "expertise" "peculiarly within the province of the legislative and executive branches of government").

Additionally, Decker's proposals of soliciting Lexus Nexus and utilizing an internet system similar to public libraries are not sufficient to find a material factual dispute. Just because BOP has not allegedly instituted the most "ideal" policy for its penological objectives, failing to follow the most "ideal" policy does not render the actions unconstitutional. *Van den Bosch v. Raemisch*, 658 F.3d 778, 790 (7th Cir. 2011) ("While the DOC's asserted penological objectives—maintaining prison security, order and rehabilitation—might very well be achieved with a narrower policy, the absence of an ideal policy does not render the policy that officials have adopted unconstitutional."). The Seventh Circuit has noted that determination of penological goals, and which actions to constitute are "at bottom" a decision prison administrators are uniquely situated to make." *Id.* Even though Decker's proposals may be conceptually available, that is not enough to support an arbitrary and capricious finding for failing to provide inmates with internet access for the Federal Register.

While Decker argues it is not ideal for him to ask people outside the institution for Federal Register materials, the law is clear that such alternatives need not be ideal, only available. *Turner*,

482 U.S. at 90, 107 S.Ct. at 2262 ("Where 'other avenues' remain available for the exercise of the asserted right ..., courts should be particularly conscious of the 'measure of judicial deference owed to corrections officials ... in gauging the validity of the regulation.' ") (quoting *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 131, 97 S.Ct. 2532, 2540, 53 L.Ed.2d 629 (1977); *Pell v. Procunier*, 417 U.S. 817, 827, 94 S.Ct. 2800, 2806, 41 L.Ed.2d 495 (1974); *see also Overton*, 539 U.S. at 135, 123 S.Ct. at 2169) ("Alternatives ... need not be ideal ... they need only be available.").

The Court finds, based on the factors enumerated in *Turner*, that a failure to provide inmates with a copy complete of the Federal Register in paper form, or via the Internet, is rationally related to the legitimate penological interests of the institution. Further, the Court finds that Decker was not denied alternative means of accessing the Federal Register through outside sources. Additionally, Decker does have access to BOP-related Federal Register materials. It is not arbitrary and capricious for the BOP to not provide a copy of the entire Federal Register.

### d.  Whether Decker's constitutional rights have been violated

Even though the Court has held that not providing Decker with the entire Federal Register is valid since it is reasonably related to legitimate penological interests pursuant to *Turner,* the Court is not convinced that Decker's claims implicate the constitution. Decker alleged that Defendants have violated his rights under the First, Fifth, and/or Fourteenth Amendments. (Doc. 46 at 2). Defendants argue that Decker cannot recover on a claim that his constitutional rights have been violated by not receiving the complete Federal Register in "real time." (Doc. 110 at 5). The Court will take each in turn.

First, Defendants argue that Decker cannot demonstrate his First Amendments rights have been violated because BOP does not prevent Decker from obtaining a complete copy of the Federal

register; it simply does not provide him with a complete copy. (Doc. 98 at 10-11). Therefore, Defendants argue that the fact Decker can obtain the Federal Register from outside sources without running afoul to any prison regulation. indicates Defendants are not violating his First Amendment rights. *Id*. at 11.

Defendants cites the case of *Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). In *Pell*, the Supreme Court upheld a prison regulation preventing face-to-face interviews between the media and individual prisoners. *Id*. The Supreme Court noted "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Id*. at 822, 94 S.Ct. 2800. So long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved, ... in drawing such lines, 'prison officials must be accorded latitude.' " *Id*. at 826, 94 S.Ct. 2800. Here, similarly, the prison has not discriminated the content of Federal Register materials, and the fact that Decker may still possess and obtain a copy of the Federal Register from outside sources does not implicate or violate the First Amendment.

Decker argues that his substantive due process rights have been violated by not having access to the Federal Register. (Doc. 107 at 5). Such a right must be "deeply rooted in this Nation's history and tradition." *Hayden ex rel. A.H. v. Greensburg Comm. Sch. Corp*., 743 F.3d 569, 575 (7th Cir. 2014) and there is no case indicating that a complete copy of the Federal Register is deeply rooted. However, as stated above, inmates retain those rights that are *not* inconsistent with his status as a prisoner or within the penological objectives of the corrections system. The Defendants have cited a legitimate penological interest, and the Court will not strike the Defendants policy of not providing the entire Federal Register.

The Court finds that the Fifth and Fourteenth Amendments are also not implicated. Decker does not demonstrate a deprivation of a property interest, which is integral to both a Fifth and Fourteenth Amendment violation. In *Thelen v. Cross*, the Seventh Circuit found that Thelen "suffered no loss of liberty" under his due process theory. *Thelen*, 656 F. App'x at 780; *see also Dillon v. United States*, 560 U.S. 817, 828, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (no constitutional right to reduced punishment for past crime). Decker argues that inmates are left knowing "what laws are enacted" in the United States of BOP. First, the Court has determined that Decker has not been able to show that he does not have access to the BOP-related Federal Register materials. And second, he is not able to show what deprivation of a property interest that he has suffered as a result of the BOP not providing him a copy of the complete Federal Register. And even if Decker were able to show a constitutional right in any of the rights enumerated above regarding the complete Federal Register, the BOP has a legitimate penological interest in not providing him a complete copy of the Federal Register, and he able to obtain it through alternative means.

## CONCLUSION

For these reasons, the Court hereby:

- **GRANTS** Decker's Motion for Extension of Time to file his response (Doc. 106);

- **GRANTS** Defendants' Motion for Summary Judgment on Counts 1 and 2 of Decker's Complaint;

- **DISMISSES** Decker's Complaint with Prejudice;

- **DIRECTS** the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 31, 2023**

                                         /s J. Phil Gilbert
                                         J. PHIL GILBERT
                                         UNITED STATES DISTRICT JUDGE